UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES H. SCHLOMER, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00222-JPH-DLP |
| | ) |
| KNOX COUNTY SHERIFF DEPARTMENT, | ) |
| JOHN FULLER, | ) |
| MIKE FISHER, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Plaintiff James H. Schlomer, III is a prisoner at the Knox County Jail. *See* dkt. 1. Mr. Schlomer filed this 42 U.S.C. § 1983 action against the Knox County Sheriff Department and two law enforcement officers. Dkt. 1. He has paid the filing fee, dkt. 4, and the complaint is ready for screening.

**I.    Screening Standard**

Because Mr. Schlomer is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

1

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Schlomer alleges that on or about December 19, 2019, Knox County sheriff deputies Mike Fisher and John Fuller came to his property, threw him on the ground, and kicked him in the head. Dkt. 1 at 2. He alleges that their actions upset his hernia, requiring him to go to the hospital. *Id.* Mr. Schlomer lists the Knox County Sheriff's Department and Deputies Fisher and Fuller as defendants, seeking monetary damages and an order barring the Sheriff's Department from coming to his property. *Id.* at 4.

## III. Discussion of Claims

Mr. Schlomer's claims against the Knox County Sheriff's Department **are dismissed**. 42 U.S.C. § 1983 claims "may be brought against . . . local governmental entities for actions by its employees only if those actions were taken pursuant to an unconstitutional policy or custom." *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Mr. Schlomer has

not alleged that the Knox County deputies acted under any department policy or custom.  See dkt. 1.

Liberally construed, the complaint's allegations are sufficient to plausibly assert a Fourth Amendment[1] excessive-force claim, which **shall proceed** against deputies John Fuller and Mike Fisher.

No other claims or defendants have been identified in the complaint.  If Mr. Schlomer believes that the Court has overlooked a claim or defendant, he shall have through **July 31, 2020**, to identify those omissions to the Court.

### IV.   Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants John Fuller and Mike Fisher in the manner specified by Rule 4(d).  Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 6/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] Mr. Schlomer's complaint cites the Eighth Amendment, but his excessive-force claim appears to arise under the Fourth Amendment instead.  See Richman v. Sheahan, 512 F.3d 876, 882 (7th Cir. 2008) ("If you are beaten to a pulp before you are convicted, your remedy is under the Fourth Amendment; after, under the Eighth Amendment.").

Distribution:

JAMES H. SCHLOMER, III
2012096816
KNOX COUNTY JAIL
2375 South Old Decker Road
Vincennes, IN 47591

John Fuller
2375 S. Old Decker Road
Vincennes, IN 47591

Mike Fisher
2375 S. Old Decker Road
Vincennes, IN 47591